# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ASCENTIUM CAPITAL LLC,<br><br>               Plaintiff,<br>v.<br><br>ASCENTIUM HEALTHCARE<br>RESOURCES I, INC.,<br><br>               Defendant. | Civil Action No. 3:19-CV-498-DPJ-FKB |

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION ORDER

This matter comes before the Court on the Parties' Joint Motion for Injunction by Consent and Final Judgment. The Parties have reached a settlement of all matters in dispute in this action without trial, and, as part of such settlement, the Parties, through their counsel of record, consent and agree to the entry of this Consent Final Judgment and Permanent Injunction ("Consent Judgment"), which shall constitute a final judgment in this action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

    1.    The Court has jurisdiction over the subject matter of the case and defendant Ascentium Healthcare Resources I, Inc. ("Defendant"), pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (actions under the laws of the United States of America); 28 U.S.C. § 1332(a) (diversity of citizenship between the parties) and 28 U.S.C. § 1338(a), because this case involves a federal question arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051, et seq., and its inherent equitable authority.

2. Venue as to this action and the Defendant in the Southern District of Mississippi (Northern Division) is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1367(a).

3. Ascentium's asserted trademarks are collectively referred to in this Consent Judgment as the "ASCENTIUM INTELLECTUAL PROPERTY" (referring to ASCENTIUM® (U.S. Trademark Reg. No. 4,396,734), ASCENTIUM CAPITAL® (U.S. Trademark Reg. No. 4,243,005), and ASCENTIUM CAPITAL and design (U.S. Trademark Reg. No. 4,243,006)).

4. This Consent Judgment is entered into by the Parties for the purpose of settlement and is without explicit admission by Defendant as to any wrongdoing or liability. Defendant confirms Ascentium is the owner of record of the ASCENTIUM INTELLECTUAL PROPERTY and is using the same.

5. This Consent Judgment is binding upon Ascentium and Defendant and their successors and assigns. Unless by operation of law, no change or changes in the ownership or corporate status or other legal status of Defendant, including, but not limited to, any transfer of assets or of real or personal property, shall in any way alter Defendant's responsibilities under this Consent Judgment. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Consent Judgment are binding upon Defendant, and its officers, agents, servants, representatives, employees, attorneys, and all other persons or entities in active concert or participation with them, who receive actual notice of this Consent Judgment by personal service or otherwise.

6. Defendant and its officers, agents, servants, employees, representatives, assigns, and attorneys; and other persons, firms, or companies in active concert or participation with anyone described in Federal Rule of Civil Procedure 65(d)(2)(A) or (B), whether acting directly or through any person or entity, are hereby ordered not to infringe the ASCENTIUM INTELLECTUAL PROPERTY or any variation or derivative of the name and mark

"Ascentium," or any other name or mark confusingly similar to "Ascentium" and are permanently enjoined and restrained from directly or indirectly:

 (a) distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to distribute, provide, sell, market, advertise, or promote any goods or services bearing the ASCENTIUM INTELLECTUAL PROPERTY marks or any other mark that is a counterfeit, copy, simulation, variation, derivative, confusingly similar variation, or colorable imitation of ASCENTIUM INTELLECTUAL PROPERTY;

 (b) engaging in any activity that infringes Plaintiff's rights in its ASCENTIUM INTELLECTUAL PROPERTY;

 (c) engaging in any activity constituting unfair competition with Plaintiff under 15 U.S.C. §1125(a);

 (d) engaging in any activity that is likely to dilute the distinctiveness of ASCENTIUM INTELLECTUAL PROPERTY;

 (e) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

 (f) using or authorizing any third party to use in connection with any business or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

(g) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating ASCENTIUM INTELLECTUAL PROPERTY or any other mark that infringes or is likely to be confused with ASCENTIUM INTELLECTUAL PROPERTY, or any variation or derivative of the name and mark "Ascentium," or any other name or mark confusingly similar to "Ascentium," or any goods or services of Plaintiff, or Plaintiff as their source; and

(h) aiding, assisting, or abetting any other individual or entity in doing any act, set forth above in subsections (a)-(g).

7. Within fourteen (14) days of entry of this Consent Judgment on the Court's docket, Defendant shall deliver copies of this Consent Judgment to all of its officers and directors, and to all agents, managers and employees who have responsibility directly or indirectly for any matters covered by this Consent Judgment, and maintain a record of recipients to whom the Consent Judgment has been distributed; and

8. Within thirty (30) days of entry of this Consent Judgment on the Court's docket, Defendant shall file with the Mississippi Secretary of State a new business name and shall notify Ascentium of its new business name.

9. Defendant Ascentium Healthcare Resources I, Inc., shall have a period of 150 days from the entry of this Consent Judgement on the Court's docket (hereinafter "the 150-day grace period"), to stop all use of ASCENTIUM INTELLECTUAL PROPERTY, or any variation or derivative of the name and mark "Ascentium," or any other name or mark confusingly similar to "Ascentium." This shall include destroying, to the extent possible, all materials in its possession, custody, or control which use or otherwise contain ASCENTIUM INTELLECTUAL PROPERTY or any variation or derivative of the name and mark "Ascentium," or any other

name or mark confusingly similar to "Ascentium" including all stationery, signs, advertisements, brochures, promotional materials and other written materials together with all plates, molds, matrices and other means and materials for making or reproducing same in its possession, custody or control.

10. Within the 150-day grace period, Defendant shall cease use of and disclaim ownership of the domain names ascentiumhcr.com and ascentiumhealthcare.com and all other domain names which bear ASCENTIUM INTELLECTUAL PROPERTY or any variation or derivative of the name and mark "Ascentium," or any other name or mark confusingly similar to "Ascentium" to Plaintiff or its authorized agent.

11. If, at any time, Defendant learns of any violations of this Consent Judgment, Defendant shall, within seven (7) days after such knowledge is obtained or sooner if feasible, take appropriate action to terminate or modify the activity so as to comply with this Consent Judgment.

12. Ascentium shall be entitled to immediately, among other things, record and enforce the terms of this Judgment.

13. Defendant waives and releases: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Consent Judgment; and (b) any claim that Defendant may have against Ascentium, its employees, representatives, agents, or attorneys, or that relate to the matters alleged in the Complaint or stated herein.

14. This Court shall retain jurisdiction of this matter for purpose of construction, modification, and enforcement of this Consent Judgment and making any further orders necessary or proper for the construction of this Consent Judgment, the enforcement thereof, and the punishment of any violations thereof; and

15. In the event Defendant breaches any term of this Consent Judgment, or otherwise infringes or dilutes ASCENTIUM INTELLECTUAL PROPERTY, after the 150 day grace period, Ascentium shall be entitled to injunctive relief and damages and profits as determined by this Court, and Defendant shall pay Ascentium's attorney's fees and costs incurred as a result of such infringement, dilution, and/or breach, including investigative costs incurred in the discovery of such infringement, dilution, and/or breach.

16. Defendant acknowledges that it has thoroughly reviewed this Consent Judgment with its attorneys, that it understands and agree to its terms, and that it agrees that the terms of this Consent Judgment shall be entered as the Order of this Court.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

Agreed: December 5, 2019

BY: */s/ Jason E. Fortenberry*
Jason E. Fortenberry (MSB #102282)
Michael C. Williams (MSB#104537)
BRADLEY ARANT BOULT CUMMINGS, LLP
188 East Capitol Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 948-8000
Facsimile: (601) 592-1418
jfortenberry@babc.com
mcwilliams@babc.com
*Attorneys for Plaintiff Ascentium Capital LLC*

BY: */s/ R. Andrew Taggart, Jr.*
R. Andrew Taggart (MSB #7422)
Taggart, Rimes & Graham, PLLC
1022 Highland Colony Parkway
Suite 101
Ridgeland, MS 39157
Telephone: 601-898-8400
Facsimile: 601-898-8420
andy@trglawyers.com
*Attorneys for Defendant*